## PARKER *vs.* BEALL.

1. The charge of the court in this case was not without foundation in the evidence.
2. Whilst generally knowledge of the existence of a judgment on the part of a purchaser from a defendant will prevent the running of the four years statute in his favor, yet where the holder of the *fi. fa.* was a joint creditor with the purchaser, and it was agreed between these creditors and the debtor to divide his land between them, and thereupon the purchaser delivered up his claim and took a deed to this piece of land, the plaintiff in *fi. fa.* was estopped from setting up notice to the purchaser of his lien.

Charge of Court. Title. Estoppel. Judgments. Before Judge LAWSON. Wilkinson Superior Court. April Term, 1881.

A *fi. fa.* in favor of Parker *vs.* Brannon was levied on certain land, and Beall interposed a claim. On the trial, the evidence disclosed, in brief, the following facts: Parker's judgment was rendered some time prior to 1873. In that year Brannon, being unable to pay his debts in money, offered to give up his land to his creditors in payment of their claims. This offer was communicated through Beall; among others he proposed it to Parker, of whose judgment he had knowledge, and the latter said he would assent to such an arrangement, though no details were agreed upon. Brannon understood that all of the creditors assented. One O'Bannon, who seems to have been one of the creditors, said that Beall and certain other creditors could take the land of which that in controversy

Parker vs. Beall.

was a part; that there was enough left for him and Parker besides that particular parcel. Parker was not present when this was said, but the land was divided and Beall received a portion in payment of his debt in accordance with the compromise. He received no more than his fair proportion; and he remained in possession more than four years before this *fi fa.* was levied.

The jury found the property not subject. Plaintiff moved for a new trial; it was refused, and he excepted.

For the other facts see the decision.

H. F. CARSWELL, by brief, for plaintiff in error.

F. CHAMBERS, by brief, for defendant.

JACKSON, Chief Justice.

This was a claim case, and on the issue formed the jury found for the claimant. Thereupon the court refused a new trial, and plaintiff in execution excepted.

The court certifies only one ground of the motion as correct, declining to certify the truth of that in respect to the incompetency of the juror.

1. That ground is in respect to the charge that if the jury believed from the evidence that plaintiff in error and claimant were both creditors of Brannon, who was in failing circumstances, and it was agreed between them that Brannon's proposition should be accepted to receive his lands in payment of their debts, and in pursuance of that agreement claimant gave up his indebtedness and took the deed to the land levied on, then the jury would be authorized to find for claimant—the objection being that there is no evidence to authorize the charge. On an examination of the evidence in the bill of exceptions certified, we are not prepared to say that there is not enough to authorize the charge, and there is, therefore, no error on that ground of the motion.

2. But it is further alleged that the verdict is against

law. The deed from the defendant in execution to claimant is younger than the judgment of the plaintiff in execution, and he bought with knowledge of that judgment, and has held the land in open and notorious possession more than four years. So that whether or not he is protected as an innocent purchaser *bona fide* and for value with possession for more than four years, depends upon whether the facts found by the jury estop the plaintiff from making that point. On the facts so found we think that the plaintiff is estopped. It would be iniquitous to permit him to induce the claimant to surrender to the defendant in execution the debts he held against him and take the land in lieu of those debts, and then levy on and sell the land years afterwards.

Whilst the knowledge of the judgment ordinarily will, as ruled by a majority of this court in *Phillips vs. Dobbins*, 56 *Ga.*, 617, affect the *bona fides* of the purchaser, even so as to show without more that he cannot be a *bona fide* purchaser in the sense of the four years' possession statute, yet where a joint creditor of the same debtor actually agreed to divide the debtor's land, and to let the claimant have part thereof, surely it cannot be sound law that he should repudiate it, after he had caused claimant to surrender his evidences of indebtedness, and could not possibly put him back where he was before the agreement. It would be contrary to public policy, based on common honesty, to permit it, and such is the meaning of our statute. Code, §3753. It is an agreement " on which the other party acted to his injury," and "it would be more unjust and productive of more evil to hear the truth than to forbear the investigation."

Judgment affirmed.